because the agency has refused to discuss the matter with defendant, let alone conduct even minimally adequate factfinding to insure procedural fairness. Defendant has demanded a hearing and now correctly but belatedly maintains that the agency lacks the authority to conduct hearings without first publishing its procedures. If adequate rulemaking and hearing procedures are eventually established, the courts may be able to limit their review of future agency enforcement decisions to the traditional determination of whether or not such action was arbitrary or capricious. For now, however, the Government must be prepared to demonstrate by a preponderance of the evidence that its proposed sanctions against International Harvester are justified factually and legally.

It is therefore

Ordered that defendant's motions for dismissal, stay, or summary judgment are denied; and it is further

Ordered that plaintiff's motion for summary judgment is denied; and it is further

Ordered that there shall be a final pretrial conference in open court on September 19, 1974, at 4:00 p.m., by which time

(1) All discovery shall be completed;
(2) Written stipulations, if any, shall be filed;
(3) The names of all witnesses shall be exchanged;
(4) Any depositions to be offered at trial shall be marked by both parties, indicating the relevant portions; and
(5) Each party shall file a short pretrial brief citing principal contested facts and authorities relied upon; and it is further

Ordered that failure to comply with any of these pretrial requirements may, in the Court's sole discretion, result in dismissal or default; and it is further

Ordered that this case shall be set down for trial *de novo* on October 9, 1974, at 9:30 a.m.

---

In re TOILET SEAT ANTITRUST LITIGATION.

No. 184.

Judicial Panel on Multidistrict Litigation.

Jan. 17, 1975.

The Judicial Panel on Multidistrict Litigation transferred four private treble damage antitrust actions instituted in the Northern District of Illinois and two similar actions commenced in the Eastern District of Pennsylvania and the District of the District of Columbia to the Eastern District of Michigan for coordinated and consolidated pretrial proceedings with similar action pending in that district where all complaints tracked allegations in the government's civil and criminal antitrust actions commenced and pending in the Eastern District of Michigan.

Order accordingly.

1. Courts ⟐277.2

Four private treble damage antitrust actions commenced in the Northern District of Illinois and two similar actions commenced in the Eastern District of Pennsylvania and the District of the District of Columbia were transferred, for coordinated and consolidated pretrial proceedings, to the Eastern District of Michigan where a similar suit was pending and all suits were spawned by a criminal indictment and a companion government civil enforcement action filed in the Eastern District of Michigan, and underlying documents were under control of that court. 28 U.S.C.A. § 1407; Sherman Anti-Trust Act, § 1, 15 U.S.C.A. § 1; Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.

2. Courts ⟐277.2

Neither government's civil nor criminal antitrust actions were subject to transfer to another district for coordinated and consolidated pretrial proceedings with other similar private treble damage antitrust actions. 28 U.S.C.

IN RE TOILET SEAT ANTITRUST LITIGATION 1343
Cite as 387 F.Supp. 1342 (1975)

A. § 1407; Sherman Anti-Trust Act, § 1, 15 U.S.C.A. § 1.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL *, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

[1, 2] This litigation consists of seven private treble damage antitrust actions: four instituted in the Northern District of Illinois and one each in the Eastern District of Michigan, the Eastern District of Pennsylvania and the District of the District of Columbia. The actions were spawned by a criminal indictment and a companion Government civil enforcement action filed in the Eastern District of Michigan [1] against Olsonite Corporation, Bemis Manufacturing Co., Beatrice Foods Co., Standard Tank & Seat Co. and three individuals for Sherman Act violations resulting from an alleged conspiracy to fix the price of wood-flour toilet seats. Olsonite and Bemis move the Panel for an order transferring all of the private actions to the Eastern District of Michigan pursuant to 28 U.S.C. § 1407 and Beatrice moves for transfer of the same actions to the Northern District of Illinois. All responding parties favor transfer but disagree on the location of the appropriate transferee forum.

We find that the actions listed on the attached Schedule A share common questions of fact and that their transfer to the Eastern District of Michigan for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will be for the convenience of parties and witnesses and promote the just and efficient conduct of this litigation.

All plaintiffs, purporting to represent various classes of direct and indirect toilet seat purchasers, have tracked the allegations in the Government actions and allege that defendants conspired to fix the price of their wood-flour toilet seats in violation of Section 1 of the Sherman Act. As all parties recognize, common factual questions are predominate in these actions warranting their transfer for coordinated or consolidated pretrial proceedings pursuant to Section 1407. Moreover, because of the overlapping and conflicting Rule 23 allegations, transfer is appropriate to avoid inconsistent class action determinations. See, e. g., In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1385–1386 (Jud.Pan.Mult. Lit.1974).

Defendant Beatrice and plaintiffs in all four of the actions in the Northern District of Illinois favor transfer to that district while all other parties, with one exception,[2] favor transfer to the Eastern District of Michigan. The parties favoring the Northern District of Illinois note that a majority of the actions in this litigation are pending there; that discovery in the Illinois actions has already begun; and that that district is the situs of one of the commonly alleged conspiratorial acts. They argue that in the event the Eastern District of Michigan is selected as the transferee forum, the litigation will likely be stayed until disposition of the Government criminal action pending there and that transfer to that district may result in prejudicial

---

* Although Judges Lord and Weigel were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. United States of America v. Beatrice Foods Co., et al., E.D.Michigan, Criminal No. 4–82165; United States of America v. Beatrice Foods Co., et al., E.D.Michigan, Civil Action No. 4–71922.

2. Plaintiffs in Yorkshire Apartment Company, et al. v. Beatrice Foods Co., et al., D.D. C., Civil Action No. 74–1100, suggest the District of the District of Columbia as the transferee forum. Other than the fact that one action has been instituted there, that district has no connection with this litigation and we reject it as an appropriate situs for these Section 1407 proceedings.

pretrial publicity unnecessarily affecting the criminal proceeding.

The arguments advanced by the parties favoring transfer to the Northern District of Illinois, some of which are highly speculative, are not persuasive in the circumstances of the instant litigation. Although some discovery has commenced in the actions pending in the Northern District of Illinois, it has been very limited and involves only one of the common defendants. No valid reason has been given to support the suggestion that transfer to the Eastern District of Michigan will unreasonably hamper or retard discovery in these actions.

More critically, however, the documents upon which the grand jury relied in returning its indictment and which underlay the Government's civil action are under the control of the court in the Eastern District of Michigan and have been ordered impounded by that court. It is apparent that a great deal of coordination will be necessary between the discovery which all plaintiffs seek here and the proceedings in the United States' actions. Tremendous success has been achieved in other multidistrict litigation, such as the *Government Auto Fleet Litigation*, through the cooperation of all the judges and parties involved in coordinating discovery in the private treble damage actions with that in the Government criminal and civil actions. Because neither of the Government actions is subject to transfer under Section 1407, such coordination in this litigation[3] can best be achieved by transferring all actions to the Eastern District of Michigan.[4]

It is therefore ordered that all actions on the attached Schedule A pending in districts other than the Eastern District of Michigan be, and the same hereby are, transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Damon J. Keith for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the action pending in that district and listed on Schedule A.

### SCHEDULE A

#### Northern District of Illinois

| | |
|---|---|
| Harvey Lumber Co., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74 C 2008 |
| Nadolna Bros. Co., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74 C 1891 |
| The Robino-Ladd Co., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74 C 1860 |
| S & L Engineering Co., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74 C 1917 |

#### Eastern District of Michigan

| | |
|---|---|
| Muskovitz & Pershin & Sons, Inc., et al. v. Olsonite, et al. | Civil Action No. 4–72280 |

#### Eastern District of Pennsylvania

| | |
|---|---|
| Arthur A. Kober Co., Inc., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74–2084 |

#### District of the District of Columbia

| | |
|---|---|
| Yorkshire Apartment Co., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74–1100 |

---

3. In In re Government Auto Fleet Sales Antitrust Litigation, 328 F.Supp. 218 (Jud.Pan.Mult.Lit.1971), we transferred several private treble damage actions to the Northern District of Illinois although Government civil and criminal actions were pending in the Eastern District of Michigan. Unlike the instant litigation, however, none of the private actions was pending in the Eastern District of Michigan at the time the order of transfer was entered. *Id.* at 219–220.

4. See, e. g., In re Ampicillin Antitrust Litigation, 315 F.Supp. 317, 319 (Jud.Pan.Mult.Lit.1970) and In re Mutual Fund Sales Antitrust Litigation, 361 F.Supp. 638, 640 (Jud.Pan.Mult.Lit.1973) (transfer to situs of Government civil action); In re West Coast Bakery Flour Antitrust Litigation, 368 F.Supp. 808, 809 (Jud.Pan.Mult.Lit.1974) and In re Refrigerant Gas Antitrust Litigation, 334 F.Supp. 996, 998 (Jud.Pan.Mult.Lit.1971) (transfer to situs of Government criminal action).